### Surety Guarantee & Trust Company v. William J. McKay.

1. CONTRACTS—*Offer Must be Accepted Within a Reasonable Time.*— Plaintiff proposed to buy one quarter interest in a brick manufacturing plant. Defendant had undertaken to sell $30.000 worth of bonds for the brick company, provided upon examination by defendant the assets of the brick company and its title were found good. Plaintiff advanced $173 to defendant to pay the cost of such examination and other incidental expenses connected with issuing the bonds; taking, however, a receipt from defendant to the effect that if, upon examination, defendant should decline to accept the security for the bond issue, it would return to him such amount, less $10 for examining the plant. The bonds were never issued nor sold by defendant, nor has there been a refusal to sell when issued, as originally contemplated. Plaintiff wrote a letter requesting payment of the $173 advanced by him, less the expenses of examination. *Held,* that plaintiff was simply a prospective purchaser. Defendant was bound to accept or decline the security within a reasonable time. After waiting for months for the acceptance of the security by the defendant, the plaintiff was entitled to the return of his money.

Assumpsit, for money had and received. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 17, 1903.

W. J. LAVERY, attorney for appellant.

STEEL & HOLMES, attorneys for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Appellee proposed to buy one-quarter interest in a brick manufacturing plant. Appellant had undertaken to sell $30,000 worth of bonds for the brick company, provided. upon examination by appellant the assets of the brick com-

pany and its title were found good. Appellee advanced $173 to appellant to pay the cost of such examination and other incidental expenses connected with issuing the bonds, taking, however, a receipt from appellant to the effect that if, upon examination, appellant should decline to accept the security for the bond issue, it would return to him such amount, less $10 for examining the plant.

A judgment for $163 was obtained in the Superior Court.

The original record filed in this court did not show that the justice before whom the case was tried had returned all the papers to the Superior Court. Appellant insists that their presence in the Superior Court was necessary to confer jurisdiction. It appears that appellant's appearance was entered, and no objection for the want of papers, in the case before the justice, was made. The justice of the peace certifies that he sent all the papers with the transcript to the Superior Court. But this objection is fully met by a supplemental record by leave filed in this court, which shows that in fact all of said papers were filed in the trial court in strict compliance with the statute.

It is argued that appellee was not entitled to the return of his money, because he failed to prove that appellant declined to accept the security. After considering the statement of counsel for appellant that " McSorley was unable to perfect the title," in connection with the letter of demand for a return of the money, and the lapse of time, we are of the opinion that the jury were fully warranted by the evidence in finding for the plaintiff below.

Appellee was simply a prospective purchaser. The floating of the bonds had been under consideration by appellant before appellee was induced to assist by advancing his money. After waiting months for an acceptance of the security by the appellant, no reason existed why his money should not be returned, pursuant to the terms of the receipt. Appellee had no part to perform in the matter of examination or acceptance.

Appellant was bound to accept or decline the security within a reasonable time. Appellee was a stranger in inter-

est. It is conceded that appellant may retain $10 for the examination made. It is proper under the evidence, and equitable, that the balance be paid to its owner.

Evidence relative to any agreement between the Surety & Trust Co. and McSorley could have no bearing upon the issues of this case. No offer was made to show that the money in question was advanced pursuant to any such agreement. The receipt given by appellant states the purpose for which the money sued for was advanced, and the conditions, the happening of which would require its return to appellee.

After an examination of the record as to the ruling of the court in refusing to receive certain evidence, and instructing the jury as to the law, we think no reversible error was committed.

The judgment of the Superior Court is affirmed.